PAUL B. BEACH, State Bar No. 166265
DENNIS M. GONZALES, State Bar No. 59414
RAYMOND W. SAKAI, State Bar No. 193507
CARMEN M. AGUADO, State Bar No. 291941
caguado@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
County of Los Angeles, Adrian Dominguez,
Steven Velasquez, and Sheriff Jim McDonnell

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANGELINA GONZALEZ and VICTOR GONZALEZ, | Case No. CV 16-07018 SJO-PLAx |
| Plaintiffs, | Magistrate Judge Paul L. Abrams |
| vs. | [PROPOSED] ORDER RE HANDLING OF CONFIDENTIAL MATERIALS |
| COUNTY OF LOS ANGELES, Deputies ADRIAN DOMINGUEZ, STEVEN VELASQUEZ, SHERIFF JIM MCDONNELL, in his individual and in his official capacity, and DOES 110, inclusive. | |
| Defendants. | |

Having reviewed and considered the Parties' Stipulation for Protective Order Re: Confidential Materials, good cause showing therein, IT IS SO ORDERED:

1.    Plaintiffs.  Plaintiffs are Evangelina Gonzalez, individually, as Successor in Interest to John Gonzalez, deceased , and as Special Administrator of the Estate of John Gonzalez deceased, and Victor Gonzalez, individually and as Successor in Interest to John Gonzalez, deceased (hereinafter "Plaintiffs").

1

2.  <u>Defendants</u>.  Defendants are County of Los Angeles, Sheriff Jim McDonnell, and Deputies Adrian Dominguez and Steven Velasquez (hereinafter "Defendants") (Plaintiffs and Defendants are collectively referred to hereinafter as "the Parties").

3.  <u>Disclosing Party</u>.  Disclosing Party shall refer to Defendant County of Los Angeles.

4.  <u>Receiving Party</u>.  The Receiving Parties are the Plaintiffs and their agents as set forth in Paragraph Nos. 17 and 18 of this Protective Order.

5.  <u>Case Summary</u>.  This case arises from Plaintiffs' allegations that their rights were violated by Defendants arising from the death of Decedent John Gonzalez ("Decedent") on December 2, 2015.

6.  <u>Good Cause Statement and Confidential Materials.</u>  Defendants anticipate that during discovery in this action they will exchange documents, items, or materials and other information that contain sensitive and confidential information that derives actual or potential value from not being generally known to the public and are the subject of reasonable efforts to maintain their confidentiality.  Defendants believe, in good faith, that these documents and/or writings are protected by the Official Information Privilege, the right to privacy guaranteed in the Federal Constitution, the First Amendment and California Constitution, Article I, Section I, and various California Government, Penal, and Evidence Code sections, and thus protected from disclosure.   This will be accomplished by affixing to such document or writing a legend, such as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or words of similar effect.  Documents and writings so designated, hereinafter, collectively "Confidential Information", shall be treated in accordance with the terms of this stipulation/protective order.  Documents, writings and things to be designated as such, include the following:
///

1              a)     Any material relating to or regarding the personnel files and/or

2 records of any employee or former employee of the Los Angeles County Sheriff's

3 Department ("LASD");

4              b)     Any material relating to any personnel investigations

5 conducted by the LASD or other law enforcement agency regarding any member

6 or former member of the LASD;

7              c)     Any material relating to incidents involving Plaintiffs or

8 Decedent containing sensitive and private information regarding third parties;

9              d)     Any material relating to or regarding the documents within the

10 LASD, Detective Division, Homicide Bureau's File No.: 015-16025-0453-013;

11 and

12              e)     Any material relating to or regarding investigations by the

13 LASD, Internal Affairs Bureau, relating to or regarding incidents involving

14 Plaintiffs or Decedent.

15        7.     <u>Interests In Favor Of Protective Order.</u>  This Order is necessary to

16 expedite discovery, while maintaining confidential and private information of

17 Defendants and third parties, and Defendants believe it is necessary to protect

18 parties or persons from annoyance, embarrassment, oppression, or undue burden

19 or expense.  Further, Defendants contend disclosure of such information without a

20 protective order may compromise the safety of Defendants and third parties.

21        8.     <u>Stipulation</u>.  The Parties are entering into this Stipulation for

22 Protective Order to protect against any improper disclosure or risk of

23 circumvention of law that might result from disclosure of sensitive and

24 confidential information as described in this Order.  To informally resolve this

25 discovery matter, the Parties have agreed to this Stipulation for Protective Order

26 that carefully limits the use and dissemination of the Confidential Information.

27 ///

28 ///

GONZALEZ, EVANGELINA\[Proposed] Order_ Stipulation

9.     <u>Confidential Information.</u>  This Protective Order shall apply to all Confidential Information produced by Disclosing Party to the Receiving Party. The Confidential Information may be contained in originals and copies of relevant interrogatory responses obtained from Disclosing Party in this matter; originals and copies of relevant documents responsive to requests for production of documents obtained from the Disclosing Party in this matter; and originals and copies of transcripts, video recordings, and audio recordings of any deposition taken in this matter during which the Confidential Information is used, mentioned, reviewed, discussed, and/or referred to.  The Confidential Information shall be subject to this Protective Order as follows:

10.     <u>Storage Of Confidential Information.</u>   Immediately upon production by the Disclosing Party, attorneys for the Receiving Party shall personally secure and maintain the Confidential Information in their possession.  The Confidential Information shall not, under any circumstances, be left in an open or unsecured location where unauthorized persons (such as unauthorized employees of counsel, cleaning personnel, etc.) might have access to them.

11.     <u>Confidential Information Legend.</u>  All documents containing Confidential Information shall be stamped "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or words of similar effect.  Such stamp shall not obscure the document.

12.     <u>Limitation Of Use Of Confidential Information.</u>  Attorneys for the Receiving Party shall not cause or knowingly permit disclosure of the contents of the Confidential Information, in any manner, including orally, beyond the disclosure permitted under the terms and conditions of this Order.  Any such disclosure shall be construed as a violation of this Order, except when used for purposes of this litigation as described in Paragraph Nos. 15 and 16 of this Protective Order.

///

4

1       13.   <u>Testimony Regarding The Confidential Information.</u>  In the case of

2 depositions, any party may designate all or any portion of the deposition

3 testimony given in this litigation as Confidential Information orally during the

4 deposition.  Any questions intended to elicit testimony regarding the contents of

5 the Confidential Information shall be conducted only in the presence of persons

6 authorized to review the Confidential Information as provided in this Order.  The

7 Parties may be present for any such testimony.  Any deposition transcript

8 containing such questions and testimony shall be subject to the same protections

9 and precautions applicable to the Confidential Information.

10       14.   <u>Inadvertent Disclosure.</u>  If the Disclosing Party inadvertently

11 produces any Confidential Information without designating it as such, it may be

12 remedied by (1) promptly notifying the other parties of the error; and (2)

13 providing a substitute copy of the Confidential Information with a proper legend.

14 In that event, the Receiving Parties who have obtained inadvertently produced

15 undesignated Confidential Information will: (1) return the previously produced

16 Confidential Information and destroy all copies thereof; and (2) if the Receiving

17 Party has already disseminated the Confidential Information to any person, the

18 Receiving Party will notify all such persons the information was disseminated to

19 the Confidential Information in writing of the need to return such Confidential

20 Information and not to further disseminate it.  This provision applies to any and

21 all Confidential Information produced to the Receiving Party.

22       15.   <u>Limitations On The Non-Litigation Use Of Confidential</u>

23 <u>Information.</u>  The confidentiality of the Confidential Information received from

24 Defendants during discovery in this action shall be maintained, and all

25 Confidential Information exchanged will be used solely for the litigation of this

26 action entitled.  Specifically, the Receiving Party may not use such documents,

27 records, or other information (or the contents thereof) for any other purpose,

28 including use as background material, or for inclusion in books, magazines,

1  newspapers, or other publications.  The Receiving Party is prohibited from
2  placing any of the Confidential Information on the Internet.

3      16.   Court Filings.  If necessary in the judgment of attorneys for
4  Receiving Party, said attorneys may show or reveal the contents of the
5  Confidential Information to the court only pursuant to Local Rule 79-5 or Ninth
6  Circuit Rule 27-13.  Receiving Party will inform the Court and Parties of any
7  Confidential Information it intends to present during trial so appropriate measure
8  may be considered by the Court that may be necessary to protect the Confidential
9  Information.  Receiving Party's presentation of Confidential Information during
10  trial will not require compliance with the written consent as set forth in Paragraph
11  No. 18 below, and comply with the provisions of that section.

12      17.   Other Persons Authorized To Review Confidential Information.  The
13  Receiving Parties' attorneys of record may be permitted to see originals and
14  obtain copies of the Confidential Information covered by this Order.  Also,
15  Defendants, including officers, directors, employees, and experts thereof may be
16  permitted to review the Confidential Information.  Additionally, paralegals,
17  secretaries, expert witnesses, and other individuals and entities that may be
18  employed or retained by the Receiving Party to assist in the preparation and/or the
19  litigation of this action may be permitted to see originals and obtain copies of the
20  Confidential Information covered by this Order, provided such experts and
21  employees have first executed the written statement set forth in Paragraph No. 18
22  below, and comply with the provisions of that section.  The Parties' attorneys
23  may review the Confidential Information with the Parties they represent.

24      18.   Applicability Of Order To Other Persons.  Prior to the disclosure of
25  any Confidential Information to any person described above, attorneys for the
26  Receiving Party who seeks to use or disclose such Confidential Information shall
27  first provide any such person with a copy of this Order, and shall cause him or her
28  to execute the following acknowledgment:

GONZALEZ, EVANGELINA\[Proposed] Order_ Stipulation

1    "I, _____, do solemnly swear

2    that I am fully familiar with the terms of the Stipulated

3    Protective Order entered in this action and hereby agree to

4    comply with and be bound by the terms and conditions of the

5    said Order with respect to the handling, use and disclosure of

6    each Confidential Document.  I understand that I may be

7    subject to penalties for contempt of Court if I violate this Order

8    and hereby consent to the jurisdiction of said Court for

9    purposes of enforcing this Order.

10   Dated: _____ /s/_____"

11 This written requirement applies to, but is not limited to, expert witnesses and

12 other individuals and entities that may be employed or retained by the Receiving

13 Party's counsel to assist in the preparation and/or the litigation of this action.  The

14 Receiving Party shall be responsible for maintaining the signed original of each

15 such written statement until the conclusion of these proceedings, including any

16 appeal.  Counsel for Receiving Parties shall insure that their office staff,

17 including, but not limited to, paralegals and secretaries, shall be made aware of

18 their obligations under this protective order.

19   19. <u>No waiver of objections.</u>  Nothing in this Stipulation and Order

20 constitutes any decision by the Court concerning discovery disputes or the

21 admission into evidence of any specific document or testimony or liability for

22 payment of any costs of production or reproduction of documents.  This Order

23 also does not constitute a waiver by any party of any right to object to discovery

24 or admission into evidence of any document, record, testimony or other

25 information that is subject to this Order.  Nor do Defendants waive any privileges,

26 including, but not limited to, the investigatory files or official information

27 privileges by entering into this order.  *See, e.g.*, *Weiner v. FBI*, 943 F.2d 972, 985

28 (9th Cir. 1991); *Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992).

1       20.    <u>Subpoena for Confidential Information.</u> In the event that the

2 Receiving Party receives a subpoena, discovery request, or other legal process

3 seeking production of Confidential Information, the Receiving Party must give

4 prompt written notice to the Disclosing Party. The Receiving Party shall inform

5 the person or entity seeking the information of the existence of this Stipulation

6 and Order and shall not produce the Confidential Information absent a Court

7 Order requiring such production.

8       21.    <u>Modification.</u> For good cause, any party may seek a modification of

9 this Order, first by attempting to obtain the consent of the other parties to such

10 modification, and then, absent consent, by application to this Court.

11       22.    <u>Return of Confidential Information.</u> No more than thirty (30)

12 calendar days after the conclusion of this case the Receiving Party and every

13 other person and/or entity who received originals or copies of the Confidential

14 Information shall return all originals, copies of the Confidential Information, and

15 material derived therefrom, including, but not limited to, all log(s) of persons

16 authorized to review the protected documents and the written statement(s)

17 acknowledging the terms and provisions of this Order pursuant to Paragraph

18 No. 18 of this Order, to the Disclosing Party care of:

19       Paul B. Beach, Esq.
        Lawrence Beach Allen & Choi, PC
20       100 West Broadway, Suite 1200
21       Glendale, California 91210-1219

22 Alternatively, the Receiving Party and every other person and/or entity who

23 received originals or copies of the Confidential Information may destroy all such

24 material and material derived therefrom within thirty (30) calendar days after the

25 conclusion of this case. Additionally, within thirty (30) calendar days after the

26 conclusion of this case, counsel for the Receiving Party shall send a signed

27 declaration stating that such material has been destroyed pursuant to this

28 Protective Order.

8

This case has concluded when (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; (iv) any post appeal proceedings have themselves concluded; and (v) after payment of monies due, if any, to Plaintiffs and/or their attorneys, whether via judgment, settlement or otherwise.  The Parties understand that they have no control over documents in possession of the District Court and Courts of Appeal. The Receiving Party has no obligation to obtain any such Confidential Information that was filed with the court, or part of the trial of this matter, other than filing documents in compliance with paragraph 16 or Confidential Information returned by the Courts(s).

23.   <u>Survivability Of This Protective Order.</u>  This Stipulation and Protective Order shall survive the termination of this action, and the Court shall retain jurisdiction to enforce it.

IT IS SO ORDERED.

Dated:   January 19, 2017

_____
Magistrate Judge Paul L. Abrams
United States Magistrate Judge

9

GONZALEZ, EVANGELINA\[Proposed] Order_ Stipulation